## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JASON PARMELEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-605-ACL ) |
| TEVA PHARMACEUTICALS USA, INC., et al., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Jason Parmeley, an inmate at the Forrest City Medium Federal Correctional Institution, for leave to commence this civil action without prepaying fees or costs. The Court has determined to grant the motion, and assess an initial partial filing fee of $71.25. Additionally, the Court will dismiss this case, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account statement that reflects an average monthly deposit of $356.25, and an average monthly balance of $162.84. The Court therefore assesses an initial partial filing fee of $71.25, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible,"

the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Original and Amended Complaint

Plaintiff filed the original Complaint on or about May 8, 2023. The Complaint is handwritten on notebook paper, and is titled "Motion for Jury Trial – Relief and Damages Under U.S.C. 42:§1983." On May 30, 2023, Plaintiff filed an Amended Complaint that he also titled "Motion for Jury Trial – Relief and Damages Under U.S.C. 42:§1983." In both the Complaint and Amended Complaint, Plaintiff invokes this Court's federal question jurisdiction, and describes his cause of action as follows:

> This is a civil right action filed by pro-se litigate, who is now a federal detainee, for damages and injunctive relief under 42 U.S.C.§1983, alleging a wide range of violations of his constitutional rights including but not limited to improper medical care – personal safety (deliberate indifference standard) to creating hazardous conditions, in addition the Plaintiff asserts violation of State Tort claims intentional infliction of mental and emotional distress (outrage), negligence, medical malpractice – negligent supervision or training resulting in injury and additional to violation of duty of care.

(ECF No. 1 at 1, ECF No. 3 at 1).[1] The Amended Complaint contains the same allegations as the original, but it is typewritten. Plaintiff identifies himself as a resident of Illinois, and names the

---

[1] The text is quoted verbatim without correction of errors.

3

following entities as defendants: Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Jenssen Parmaceuticals, Inc.; Janssen Parmaceutica, Inc.; Allergan, PLC; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc.

In support of his claims described above, Plaintiff alleges that the "State of Missouri and the public in general are currently experiencing an opioid crisis and epidemic" that has "directly affected the Plaintiff and still is to this day causing harm."  (ECF No. 3 at 3).  Throughout the Amended Complaint, Plaintiff refers to the defendants collectively.  He describes their history as far back as the 1980s, identifies drugs they manufactured, describes research leading to the creation of a particular poppy, and other matters.  He alleges the defendants sold "certain of their own branded opioid drugs as a part of its pain franchise," including "Duragesic – a transdermal patch made out of the active into API's, then sold these API's to other opioid manufacturers in the U.S." *Id.*

Plaintiff writes: "Since at least the mid-1990, Defendants have marketed, promoted and sold opioid drugs in Missouri and elsewhere." *Id.*  Plaintiff sets forth a long narrative in which he alleges that the defendants used various means that "were intended to influence the prescribing behavior of physicians and, thus, increase Defendants' profits and the addiction the Plaintiff suffers from all his life." *Id.* at 6.  He writes:

> These companies have flooded the streets of Missouri due to their carless, reckless activities aimed at gaining more profits and their drugs have been linked to more than 500,000 deaths in the United States over the last two decades.
>
> Defendants false, misleading and dangerous marketing caused the drugs to be readily available in the streets and to the Plaintiff. Defendants campaigns have caused an exponentially increased rate of Plaintiff's addiction and of his (2) overdoses that this Plaintiff suffered from. Including a new conviction in the Eastern District of Texas for suboxone (suboxin), in an effort to try to get off of the Defendant's drugs.

4

*Id.*  Plaintiff seeks compensatory and punitive damages of $250,000 and $500,000, respectively, from each defendant.  He also seeks declaratory and injunctive relief.

## Discussion

Plaintiff invokes this Court's federal question jurisdiction, and avers he brings this action pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, Plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the Amended Complaint, Plaintiff states he brings claims of "improper medical care – personal safety (deliberate indifference standard) to creating hazardous conditions . . .".  (ECF No. 3 at 1).  However, the Amended Complaint contains no facts showing that Plaintiff was denied adequate medical care or otherwise subjected to unconstitutional conditions of confinement, or that he suffered a violation of any other federally-protected civil right.  Additionally, Plaintiff does not assert, nor does it appear, that any named defendant could be considered a state actor.  Therefore, to the extent Plaintiff asserts entitlement to relief pursuant to 42 U.S.C. § 1983, the Amended Complaint fails to state a claim upon which relief may be granted, and is subject to dismissal.

The Amended Complaint does not clearly assert any other claim arising under federal law.  While Plaintiff states in conclusory fashion that he intends to assert claims premised upon Missouri tort law, the Amended Complaint contains no allegations that could be construed as asserting a plausible claim under any valid theory, including products liability.  *See Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748 (Mo. Ct. App. 2008) (discussing products liability claims under Missouri law).  Instead, Plaintiff offers generalized and conclusory statements that

the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"), *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and this Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

Finally, it appears Plaintiff brings this action, at least in part, to redress harm inflicted on members of the public as a whole. However, Plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Further, while federal law authorizes Plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney, and therefore may not represent others in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

Having thoroughly reviewed and liberally construed the Amended Complaint, the Court has determined to dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $71.25. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of October, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE